■ Ross-Gaffney, Inc., for Itself and as Assignee of Cinema Recording Corporation, et al., Appellants, et al., Plaintiff, v Noah Production Company, Respondent.—Order, Supreme Court, New York County, entered June 2, 1977, which, *inter alia,* granted defendant's cross motion to dismiss the complaint, unanimously modified, on the law, without costs or disbursements, to the extent of denying the cross motion and, except, as thus modified, affirmed. Special Term's grant of the cross motion was based on a provision of the agreement of November, 1968 by which plaintiffs, as creditors of defendant, delegated to one Ross "the irrevocable authority and power to deal with Noah [the defendant] on their behalf with regard to the subject matter of this Agreement and [Ross represented] that he shall not be required to consult with the other creditors in the exercise of this power." It was further provided that Ross' "written authorizations shall be deemed

those of all creditors, insofar as the performance of this agreement or any amendments thereof are concerned." This same agreement acknowledged defendant's respective indebtedness to plaintiffs, and is the basis of the complaint. The agreement also provided that defendant's obligations were deferred to "no later than October 1, 1970." Ross, however, states that he extended the due date, and subordinated plaintiffs' claims to those of subsequent creditors. Thus, Special Term concluded that the complaint failed to state a cause of action. The letter, however, by which Ross professes to have deferred the due date, does not mention the date to which the obligation to pay was extended. In the absence of a specific date upon which the indebtedness was to be paid, the so-called extension may be void for indefiniteness. (See *Consolidated Film Ind. v Talking Picture Epics*, 236 App Div 422.) It may be that Ross orally extended the time for payment to a date certain, but this presents an issue of fact, as does the threshold question of whether Ross had the authority to extend the due date, and, if so, for what duration. The cross motion should have been denied. Concur— Sullivan, J. P., Lane, Markewich, Silverman and Bloom, JJ.